BEER, Judge.
David Strong appeals from his dismissal from the New Orleans Police Department based upon a finding that he was untruthful in the course of an earlier hearing before the Civil Service Commission. That original hearing dealt with Strong’s appeal from a 30-day suspension for failure to properly guard a prisoner. The failure to properly guard case was continued on one or two occasions and ultimately rescheduled. Although the hearing had been originally scheduled to be conducted in a conference room at City Hall, last minute changes necessitated a transfer of the hearing to a conference room at the Public Library. Strong went on record to complain that he had not been notified of the relocation until that morning and was, accordingly, unable to notify his attorney of the change. Thus, he contended that he was effectively deprived of his right to be represented by his attorney.[1] The hearing officer thereupon offered to continue the hearing, but Strong indicated a specific desire to have the hearing proceed.
Subsequently, it was factually determined by the Commission that Strong did not — at the time of his complaint — have an attorney. The “attorney” to whom Strong referred was Mr. James Hayes, assistant director of Treme Community Improvement Association. Hayes, who is not an attorney, testified that he at no time indicated to Strong that he was an attorney at law.
Thus confronted, Strong acknowledged that he actually intended to represent himself and only intended to use the individual he had referred to as his attorney in an advisory capacity. He attempted to explain his allusion to that person as an attorney because the delays and confusion surrounding the hearing caused him to be irate and upset.
We conclude that the Commissioner’s finding of untruthfulness is supported by the record and we agree with that finding. We further conclude that the offense bears a sufficiently substantial relationship to the proper and efficient operation of the police department to form a valid basis for dismissal. Accordingly, there is no basis upon which we should substitute our views with respect to the penalty imposed.
In view of the Commission’s finding that . . the evidence was clear that appellant did not have an attorney . . . ” and its conclusion to the effect that a police officer has occasion to testify under oath “. . . and it is compulsory that he be truthful at all times. The City cannot use a Police Officer who is not truthful,” we reject, as essentially moot, the contentions advanced by the City of New Orleans in their answer to the appeal.
The judgment of the Civil Service Commission, dated September 27, 1978, which dismisses Strong’s appeal, is affirmed. Each party is to bear its own cost in this court.

AFFIRMED.

. The transcript reads as follows:
“I would like it to be known that no one in the Civil Service Department or the Police Department or anybody informed me as to where my hearing is supposed to be. Thus, I wasn’t able to contact my attorney in time to have him here representing me and I have to speak in my own behalf.”